NOT DESIGNATED FOR PUBLICATION

No. 115,142

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DUSTIN J. MERRYFIELD and
RICHARD A. QUILLEN,
*Appellants*,

v.

KARI BRUFFETT, SECRETARY OF THE
KANSAS DEPARTMENT FOR AGING AND DISABILITY SERVICES, *et al.*,
*Appellees*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Opinion filed August 12, 2016. Affirmed.

*Dustin J. Merryfield* and *Richard A. Quillen*, appellants pro se.

*Kahlea M. Porter*, litigation counsel, of Kansas Department for Aging and Disability Services, for appellees.

Before GARDNER, P.J., BUSER and STANDRIDGE, JJ.

*Per Curiam*:  Dustin J. Merryfield and Richard A. Quillen (Petitioners), involuntary participants in the Kansas Sexual Predator Treatment Program (SPTP), appeal from the district court's decision dismissing their action for lack of standing. Finding no reversible error, we affirm.

*Factual and procedural background*

Petitioners are residents of the SPTP, housed at Larned State Hospital in Pawnee County, Kansas. Petitioners filed a "Civil Rights Action Pursuant to Kansas Statutes Annotated Chapter 60." The Kansas Department for Aging and Disability Services (KDADS) subsequently filed a motion for a more definite statement, which the district court granted. Although Petitioners filed an amended petition, KDADS ultimately moved for dismissal of the case citing failure to state a claim, failure to provide a more definite statement, and lack of private right of action. Petitioners filed a brief opposing dismissal, but the district court court granted the motion to dismiss, holding that Petitioners failed to set forth any specific injury or harm they had suffered and therefore lacked standing. Petitioners timely appeal.

*Standard of review*

Standing to bring an action is a requirement for a case or controversy, *i.e.*, justiciability. It is also a component of subject matter jurisdiction and may be raised at any time. We apply an unlimited standard of review to determine whether Petitioners have standing. See *Solomon v. State*, 303 Kan. 512, 519, 364 P.3d 536 (2015).

*Standing*

"'Standing is a question of whether the plaintiff has alleged such a personal stake in the outcome of a controversy as to warrant the invocation of jurisdiction and justify exercise of the court's remedial powers on his or her behalf.'" *Stechschulte v. Jennings*, 297 Kan. 2, 29, 298 P.3d 1083 (2013) (quoting *Varney Business Services*, *Inc. v. Pottroff*, 275 Kan. 20, 30, 59 P.3d 1003 [2002]). Under Kansas law, in order to establish standing, a plaintiff must show that (1) he or she suffered a cognizable injury, and (2) there is a causal connection between the injury and the challenged conduct. *Kansas Bldg. Industry*

*Workers Comp. Fund v. State*, 302 Kan. 656, 678, 359 P.3d 33 (2015). "And in order to establish a cognizable injury, a party must show 'a personal interest in a court's decision and that he or she personally suffers some actual or threatened injury as a result of the challenged conduct.' *Sierra Club v. Moser*, 298 Kan. 22, 33, 310 P.3d 360 (2013)." *Solomon,* 303 Kan. at 521.

> "We have also referred to the cognizable injury as an '"injury in fact."' [Citation omitted.] And this court occasionally cites the federal rule's standing elements that 'a party must present an injury that is concrete, particularized, and actual or imminent; the injury must be fairly traceable to the opposing party's challenged action; and the injury must be redressable by a favorable ruling.' [Citation omitted.]" *Gannon v. State*, 298 Kan. 1107, 1123, 319 P.3d 1196 (2014).

*Removal of policy books*

Petitioners' standing argument on the removal of SPTP policy books is grounded in the notion that "[m]embers of the public, and others affected thereby, should not be subjected to critical agency rules and regulations that are known only by agency personnel." *Hallmark Cards, Inc. v. Kansas Dept. of Commerce & Housing*, 32 Kan. App. 2d 715, 725, 788 P.3d 250 (2004). Relying on this notion, Petitioners argue that they "did suffer harm, are suffering harm, and will continue to suffer harm" because they are being subjected to critical agency rules and regulations that are known only by KDADS personnel.

As a preliminary matter, we note Petitioners have cited the language from the *Hallmark* case out of context:

> "Obviously, the preferred approach to establishing criteria for licensing or certification by an agency is through formal rules. When an agency is charged with implementing or interpreting legislation, especially when the agency is administering a

3

licensing or certification statute, fundamental fairness and due process generally dictate that any 'standard' or 'statement of policy' be expressed in a rule or regulation filed and published pursuant to law. K.S.A. 77-415 *et seq.* Members of the public, and others affected thereby, should not be subjected to critical agency rules and regulations that are known only by agency personnel. *Clark v. Ivy,* 240 Kan. 195, 206, 727 P.2d 493 (1986)." *Hallmark Cards*, 32 Kan. App. 2d at 725.

Here, Petitioners do not contend that KDADS promulgated rules without filing or publishing them in accordance with applicable legal procedures. And more importantly, Petitioners do not allege that they have been *subjected to and injured by* rules imposed on them that were known only by KDADS. As the district court found, Petitioners have failed to allege that they personally suffered some actual or threatened injury as a result of KDADS removing the policy books from each unit and denying Petitioners access to read, review, or know any SPTP or Larned State Hospital policy. Accordingly, they lack standing to bring such a claim.

*Posting of memo*

Petitioners challenge the posting of a memo banning sexually explicit material, claiming that this rule is from Larned State Hospital and should not apply to them because they are not in the care and custody of Larned State Hospital. In the argument section of their brief, Petitioners state this legal issue already has been resolved in their favor by our court in *Merryfield v. Larned State Hospital*, No. 100,206, 2008 WL 5428201 (Kan. App. 2008) (unpublished opinion).

Although we agree with Petitioners that they are in the custody of KDADS and not Larned State Hospital, the issue of custody is not relevant to the issue of standing, which is the reason why the district court dismissed Petitioners' claim here. First, Petitioners have not alleged that anyone has tried to apply the rule to them. Moreover, Petitioners have failed to allege that they personally suffered some actual or threatened injury as a

4

result of the memo banning sexually explicit material being posted. Instead of alleging actionable harm based on enforcement of an allegedly inapplicable rule banning sexually explicit material, Petitioners contend that the mere posting of the rule has caused them concrete, particularized, actual, or imminent injury.

For the reasons stated above, we conclude that the district court did not err in granting the motion to dismiss due to Petitioners' lack of standing to pursue their claims.

Affirmed.